UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOE NATHAN WILLIAMS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-01840-JEO |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Joe Nathan Williams, Jr. brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying him Supplemental Social Security ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). (Doc. 10). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

## I. PROCEDURAL HISTORY

Plaintiff filed his applications for SSI and DIB on July 23, 2015, alleging disability beginning July 13, 2015. (R. 135-47).[2] After his applications were denied initially, (R. 70-71), Plaintiff requested a hearing before an administrative law judge ("ALJ"). (R. 94-95). After the video hearing, the ALJ issued a decision on November 15, 2017, finding Plaintiff not disabled. (R. 10-17). Plaintiff then filed a request for review of the ALJ's decision, and the Appeals Council ("AC") denied Plaintiff's request for review. (*Id*. at 1-6). The matter is properly before this court.

## II. FACTS

Plaintiff was born on October 24, 1970, and was forty-four years old at the time his filed his applications. (R. 74, 135, 142). He alleges that he became disabled as of July 13, 2015, as a result of diabetes, hypertension, back problems and amputated small left toe. (R. 191).

Following Plaintiff's administrative hearing, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset date of July 13, 2015. (R. 12). The ALJ further found that Plaintiff had the medically determinable

---

[2] References herein to "R. __" are to the administrative record found at documents 7-1 through 7-17 in the court's record. The page number references are to the page numbers in the lower right-hand corner of each page in the record.

severe impairments of diabetes mellitus and states post amputation of the third, fourth and fifth toes on the left foot. (*Id*.). He also found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. (*Id*. at 13). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work and could not perform his past relevant work. (R. 13-15). Based on the Plaintiff's age, education and RFC, the ALJ concluded that Medical-Vocational Rule 202.18 directed a finding of not disabled. (R. 15-16). Therefore, the ALJ found Plaintiff was not disabled from July 13, 2015, through the date of the decision. (*Id*. at 16).

## III. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Mitchell v. Comm'r Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2015); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). The court must affirm the ALJ's decision if substantial evidence supports it, even if other evidence preponderates against the Commissioner's findings. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990)).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for benefits a claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. §§ 404.1520(b) & 416.920(a)(4). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014).[3] The plaintiff bears the burden of proving that he was disabled within the meaning of the Social Security Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* 20 C.F.R. § 404.704. The applicable "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Id*.

---

[3] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

## V. DISCUSSION

Plaintiff asserts two claims of error: (1) the ALJ's RFC finding is conclusory and violates SSR 96-8p, (doc. 11 at 15-18); and (2) the ALJ's decision was not based on substantial evidence because the ALJ did not pose a hypothetical to the vocational expert., (*id*. at 19). Before the court addresses the merits of these arguments, the court first addresses the Commissioner's arguments, as to both claims of error, that Plaintiffs "perfunctory arguments" fail to plainly or prominently raise an issue, and, as such, the court should find that Plaintiff has waived these claims. (Doc. 12 at 5, 13). Specifically, the Commissioner contends that "Plaintiff simply quotes long passages from numerous cases without citing any facts from the record or providing any analysis in support" of his general arguments. (*Id*. at 5).

In the Eleventh Circuit "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted). Here, as to both issues, Plaintiff clearly

identifies the alleged error of law and states what he challenges. (Doc. 11 at 15, 19). But the brief does nothing more. Instead, it contains a series of statements of law without any application of that law to the issues presented. (*Id.* at 16-19). This sort of perfunctory argument gives neither the Commissioner nor the court any guidance about Plaintiff's argument aside from the fact that he asserts the existence of an error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Cheffer v. Reno*, 55 F.3d 1517, 1519 n.1 (11th Cir. 1995) (concluding that issue was waived, even though party's brief listed the issue in the statement of issues, because party provided no argument on the merits of the claim). Additionally, the Commissioner clearly raises the waiver argument, but Plaintiff's reply brief fails to remedy or even address the deficiencies of his initial brief and merely recites the exact same "argument" made in his initial brief. (*See* Doc. 13 at 1-6).

Based on the above, the court has a very difficult time not finding that the

issues presented by the Plaintiff are abandoned. Although the court has seen this type of briefing before, the court has been wary to raise the issue on its own. Here, however, the Commissioner raised it and Plaintiff failed to respond. As such, the court deems the issues abandoned. That being said, the court will still address the merits of each issue below.

### A. SSR 96-8p

Plaintiff first argues that the RFC finding is not supported by substantial evidence. (Doc. 11 at 15-18; Doc. 13 at 2-5). Specifically, Williams contends that the RFC is conclusory and violates Social Security Ruling ("SSR") 96-8p, 1996 WL 374184. (*Id.*). The Commissioner responds that the ALJ's RFC finding limiting Williams to light work is not conclusory and complies with SSR 96-8p. (Doc. 12 at 5-13). The court agrees with the Commissioner.

SSR 96–8p regulates the ALJ's assessment of a claimant's RFC. Under SSR 96–8p, the "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. . . . Only after that may RFC be expressed in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96–8p at 1. The regulation specifically mandates a narrative discussion of "the individual's ability to perform sustained work activities in an ordinary work setting on a regular

8

and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96–8p at 6.

The Eleventh Circuit has held that, even when the ALJ could have been "more specific and explicit" in his or her findings with respect to a plaintiff's "functional limitations and work-related abilities on a function-by-function basis," they nonetheless meet the requirements under SSR 96–8p if the ALJ considered all of the evidence. *Freeman v. Barnhart*, 220 F. App'x 957, 959 (11th Cir. 2007); *see also Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009) (an ALJ's RFC finding is sufficiently detailed despite lacking an express discussion of every function if there is substantial evidence supporting the ALJ's RFC assessment). In addition, the ALJ is not required to "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow the court to conclude that the ALJ considered the plaintiff's medical condition as a whole. *See Dyer*, 395 F.3d at 1211.

Here, it is evident that the ALJ considered all of the evidence in the record in assessing Plaintiff's RFC. The ALJ specifically states that the residual functional capacity has been assessed based on the entire record, including all of Plaintiff's symptoms and the extent to which those symptoms could reasonably be accepted

as consistent with the objective medical evidence and other evidence, based on 20 C.F.R. §§ 404.1529 and 416.929 and SSR 16-3p. (R. 13). The ALJ noted that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. § 1527 and § 416.927" and that he carefully reviewed Plaintiff's subjective complaints. (R. 13, 14).

After stating the above, the ALJ discussed the medical evidence of record, as well as Plaintiff's hearing testimony and subjective complaints. (R. 14-15). While he did not include each and every doctor visit in the record, the ALJ specifically detailed the medical records related to his severe impairments, including the medical opinions of record, Plaintiff's longitudinal history, his daily activities and his testimony and other statements in the record regarding his alleged limitations. (*Id*.). As discussed by the ALJ, Plaintiff's medical records documented generally normal findings and, although he had three toes amputated from his left foot, he healed well after the procedures. (R. 14, 267-69, 308-09, 322, 333, 344, 348, 380, 383, 390-91). Additionally, the consultative examiner found that Plaintiff had no functional limitations and noted that Plaintiff's report that he had difficulty finding a job because of the amputations. (R. 14, 247-48). In fact, none of the medical sources indicated that Plaintiff had any significant functional limitations, and the ALJ limited him to a full range of light work "based on his subsequent amputations

after the consultative physician [examination], which found no exertional limitations." (R. 15).

Plaintiff's citation to *Thomason v. Barnhart*, 344 F. Supp. 2d 1326 (N.D. Ala. 2004), for the proposition that the RFC assessment is unsupported by substantial evidence because there was no opinion evidence from a physician precisely matching the limitations in the RFC finding is unpersuasive. The determination of a claimant's RFC is an administrative determination left for the Commissioner and not reserved for medical advisors. *See* 20 C.F.R. § 404.1546. As such, the court concludes that the ALJ complied with SSR 96–8p, especially considering the fact that the ruling does not require a detailed analysis in the ALJ's written decision of a claimant's ability to perform each function.

### B. Medical-Vocational Rule 202.18

Williams next contends that the decision is not based upon substantial evidence because the ALJ did not pose a hypothetical to the vocational expert.[4] (Doc. 11 at 19). The Commissioner responds that the ALJ was not required to ask the vocational expert a hypothetical, but instead properly relied on Medical-Vocational Rule 202.18 ("the Grids") in making the determination that Plaintiff

---

[4] Plaintiff incorrectly asserts that "[t]he ALJ did not ask the VE any questions." (Doc. 11 at 19; Doc. 13 at 1). The VE testified at the hearing, and the ALJ asked the VE questions regarding Plaintiff's past work. (R. 67).

could perform other work. (Doc 12 at 13-15). The court agrees with the Commissioner.

The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the Grids to determine whether other jobs exist in the national economy that a claimant is able to perform. *Phillips v. Barnhart*, 357 F.3d 1232, 1242-43 (11th Cir. 2004). When a claimant's RFC and other vocational factors coincide with the factors of a rule in the Grids, the existence of jobs in the national economy is established and the claimant is considered not disabled. *See* 20 C.F.R. §§ 404.1569, 404.1569a, 416.969, 416.969a; 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(b); *Heckler v. Campbell*, 461 U.S. 458, 461-62, 470 (1983). However, "[e]xclusive reliance on the [G]rids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips*, 357 F.3d at 1242-43 (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985) (other citations omitted); *see also Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999); *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996); *Martin v. R.R. Ret. Bd.*, 935 F.2d 230, 234 (11th Cir. 1991).

Here, the ALJ found that Plaintiff had the RFC to perform a full range of light work, without any limitations. (R. 13-15). Plaintiff was forty-seven years of age, defined as a younger person, on the date of the ALJ's decision. (R. 16, 135, 142); *see* 20 C.F.R. §§ 404.1563(c), 416.963(c). He has a tenth grade education and past relevant work as a truck driver, lumbar worker, group home attendant, and poultry plant material handler. (R. 15, 61, 67, 192). Considering Plaintiff's ability to perform light work with no limitations and his other vocational factors, the ALJ was entitled to reply solely on Rule 202.18 of the Grids at step five in finding Plaintiff not disabled. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("Because the ALJ concluded that Baker had the RFC to perform the full range of sedentary work ..., the ALJ did not err by relying on the Grids to determine that Baker was not disabled.").

## VI. CONCLUSION

For the reasons set forth above, the undersigned concludes that the decision of the Commissioner is due to be affirmed. An appropriate order will be entered separately.

**DATED** this 7th day of August, 2019.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge